## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Center for Biological Diversity, | ) |
| | ) |
| Plaintiff, | ) Case No: 1:17-cv-838 |
| | ) |
| | ) **COMPLAINT FOR INJUNCTIVE** |
| v. | ) **AND DECLARATORY RELIEF** |
| | ) |
| U.S. Geological Survey, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

### INTRODUCTION AND BACKGROUND

1.      Plaintiff the Center for Biological Diversity ("Center"), a national, nonprofit organization that is dedicated to the protection of endangered and threatened species, files this action under the Freedom of Information Act,  to require Defendant U.S. Geological Survey ("USGS") to disclose data regarding the whooping crane, one of the nation's iconic endangered species.

2.      On March 7, 2017, the Center submitted a request to USGS under FOIA ("FOIA Request") seeking "all telemetry and remote-tracking data regarding whooping cranes, including but not limited to location and movement dat[a] and all GIS files" from the Whooping Crane Tracking Partnership ("WCTP"), a USGS-sponsored research project, started in 2008, which collects and utilizes data to identify migration pathways for the Aransas-Wood Buffalo population of whooping cranes in the Central Flyway of the Midwestern United States and Canada.

3.      USGS acknowledged receipt of the Center's FOIA Request on March 8, 2017 and assigned it control number USGS-2017-00084.

1

4.     The deadline for USGS to provide a determination on the Center's FOIA Request was April 4, 2017.

5.     Although the Center's request for records is straightforward and seeks agency records that are easily locatable, USGS has stated that it will not even determine whether it will provide the records to the Center until sometime between March and September, 2019—*i.e.*, two years from now.

6.     To ensure its right to timely dissemination of these public records, the Center has no other recourse but to file this action.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

8.     Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district, and because a portion of the responsive records may be found in this district.

9.     Declaratory relief is appropriate under 28 U.S.C. § 2201.

10.     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

11.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States.  The Center has more than 58,000 members.

12.     The Center and its members are harmed by USGS's violations of FOIA, or alternatively the APA, as such violations preclude the Center from gaining information about whooping cranes and their habitat.

13.     Defendant U.S GEOLOGICAL SURVEY is an agency of the executive branch of the U.S. government within the U.S. Department of the Interior.  USGS is in possession and control of the records that the Center seeks, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

14.     FOIA's basic purpose is for government transparency, as it establishes that all federal agency records must be accessible to the public unless such records may be withheld from this disclosure mandate pursuant to one of nine, narrowly-construed FOIA exemptions.  5 U.S.C. § 552.

15.     FOIA imposes strict and rigorous deadlines on federal agencies when they receive a request for records pursuant to FOIA.  Specifically, an agency must determine if it will release requested records and notify the requester of its determination within 20 business days of receiving a FOIA request, and it must make responsive records "promptly" available unless it can establish that certain unusual circumstances are present and/or that it may lawfully withhold records, or portions thereof, from disclosure.  5 U.S.C. § 552(a)(3)(A), (a)(6).  Also within 20 business days, the agency must inform the requester that it has a right to appeal the agency's determination to invoke one or more of FOIA's narrow exemptions.  *Id.* § 552(a)(6)(A)(i).

16.     FOIA places the burden on the agency to show that it may withhold responsive records from a requester.  *Id.* § 552(a)(4)(B).

17.     Congress has specified limited circumstances in which federal agencies may obtain more time to make the determination that is required by 5 U.S.C. § 552(a)(6)(A)(i).

18.     First, an agency may toll the 20 business-day deadline for up to 10 additional days to seek additional information from a requester.  5 U.S.C. § 552(a)(6)(A)(ii).

19.     Second, an agency may extend the 20 business-day deadline for an additional 10 business days by giving a written notice to the requester that sets forth "unusual circumstances" that justify a deadline extension, and providing the date by which the agency expects to make the determination.  *Id.* § 552(a)(6)(B).  However, when invoking "unusual circumstances," the agency must provide the requester "an opportunity to limit the scope of the request so that it may be processed within" 20 business days or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request."  *Id.* § 552(a)(6)(B)(ii). In addition, when asserting unusual circumstances, the agency "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency."  *Id.*

20.     FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

21.     This Court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  *Id.* § 552(a)(4)(B).

22.     Alternatively, an agency's response and/or failure to respond to a FOIA request is subject to judicial review under the APA.  The APA confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed.  *Id.*  § 706(1).

District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id.* § 706(2)(A).

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

### USGS Missed FOIA's Mandatory Determination Deadline for the Center's FOIA Request

23.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

24.     The Center has a statutory right to a final determination from USGS on its FOIA Request in a manner that complies with FOIA.  USGS has violated the Center's rights in this regard by unlawfully delaying its response to the Center's FOIA Request far beyond the deadlines that FOIA mandates.  5 U.S.C. § 552(a)(6)(A)(i), (ii).

25.     USGS is unlawfully withholding public disclosure of records that the Center sought, records to which the Center is entitled, and records for which no valid disclosure exemption applies.

26.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in information requests to USGS in the foreseeable future.

27.     The Center's organizational activities will be adversely affected if USGS is allowed to continue violating FOIA's decision deadlines as it has in this case.

28.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, USGS will continue to violate the Center's rights to receive public records under FOIA.

29.     The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### USGS Failed to Conduct an Adequate Search for Responsive Records to the Center's FOIA Request

30.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

31.    The Center has a statutory right to have USGS process its FOIA Request in a manner that complies with FOIA.  USGS violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA Request.  5 U.S.C. § 552(a)(3).

32.    USGS is unlawfully withholding public disclosure of records that the Center sought, records to which the Center is entitled, and records for which no valid disclosure exemption applies.

33.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in information requests to USGS in the foreseeable future.

34.    The Center's organizational activities will be adversely affected if USGS is allowed to continue violating FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA Request.

35.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, USGS will continue to violate the Center's rights to receive public records under FOIA.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### EPA Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

36.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

37.     The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

38.     USGS violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the following FOIA Requests:

39.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to USGS in the foreseeable future.

40.     The Center's organizational activities will be adversely affected if USGS is allowed to continue violating FOIA's disclosure provisions as it has in this case.

41.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, USGS will continue to violate the Center's rights to receive public records under FOIA.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
### (In the Alternative to the First through Fourth Claims)

### USGS Unlawfully Withheld or Unreasonably Delayed Actions Required by FOIA

42.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

43.     USGS has unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to:  (1) provide the Center with records

that are responsive to its FOIA Request, which are not within the scope of any of FOIA's exemptions to mandatory disclosure; (2) issue a timely final determination on the Center's FOIA Request; (3) provide the Center with an estimated date of completion of a determination on its FOIA Request; and (4) undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA Request.  USGS's failure constitutes agency action that is unlawfully withheld and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

44.     Alternatively, USGS has unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to:  (1) provide the Center with records that are responsive to its FOIA Request, which are not within the scope of any of FOIA's exemptions to mandatory disclosure; (2) issue a timely final determination on the Center's FOIA Request; (3) provide the Center with an estimated date of completion of a determination on its FOIA Request; and (4) undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA Request.  USGS's failure constitutes agency action unreasonably delayed and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

45.     As alleged above, USGS's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and violated its statutory duties under the APA.

46.     The Center has suffered a legal wrong as a result of USGS's failure to comply with the mandates of FOIA.  As alleged above, USGS has violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

47.     The Center has no other adequate remedy at law to redress the violations noted above.

48.     Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First through Eighth Claims)**

**USGS's Violations of FOIA's Requirements Are Arbitrary, Capricious, an Abuse of**
**Discretion, or Otherwise Not in Accordance with Law**

49.     Plaintiff re-alleges and incorporates by reference the allegations made in all

preceding paragraphs.

50.     USGS has violated FOIA's statutory mandates, consequent to its failure and

refusal to:  (1) provide the Center with records that are responsive to its FOIA Request, which

are not within the scope of any of FOIA's exemptions to mandatory disclosure; (2) issue a timely

final determination on the Center's FOIA Request; (3) provide the Center with an estimated date

of completion of a determination on its FOIA Request; and (4) undertake a search that is

reasonably calculated to locate all records that are responsive to the Center's FOIA Request.

USGS's failures are arbitrary, capricious, an abuse of discretion, or not in accordance with the

law and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

51.     As alleged above, USGS's failure to comply with the mandates of FOIA has

injured the Center's interests in public oversight of governmental operations and violated its

statutory duties under the APA.

52.     The Center has suffered a legal wrong as a result of USGS's failure to comply

with the mandates of FOIA.  As alleged above, USGS has violated its statutory duties under the

APA and injured the Center's interests in public oversight of governmental operations.

53.     The Center has no other adequate remedy at law to redress the violations noted

above.

54.     The Center is entitled to judicial review under the APA, 5 U.S.C. § 706.

9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.      Order Defendant to promptly provide Plaintiff with all of the records sought in this action.

2.      Declare that Defendant's failure to disclose the requested records to Plaintiff is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i), or, in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

3.      Declare that Defendant's failure to timely make a determination on Plaintiff's FOIA Request is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), or in the alternative, is an agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).

4.      Award Plaintiff their costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

5.      Grant such other and further relief as the Court may deem just and proper.


DATED:  May 5, 2017                              Respectfully submitted,


                                                */s/ Amy R. Atwood*
                                                Amy R. Atwood (DC Bar No. 470258)
                                                atwood@biologicaldiversity.org
                                                CENTER FOR BIOLOGICAL DIVERSITY
                                                P.O. Box 11374
                                                Portland, OR 97211-0374
                                                (971) 717-6401

                                                *Attorney for Plaintiff*

10